## NATIONAL AID LIFE ASSUR. CO. v. ISBELL.

### No. 2531.

Court of Civil Appeals of Texas. Eastland.

Jan. 25, 1946.

Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, for appellant.

Williamson & Nordyke, of Stephenville, for appellee.

GRISSOM, Chief Justice.

Phoebe Isbell sued National Aid Life Assurance Company on an insurance policy issued to Mary Lou Beauchamp in which Phoebe Isbell was the beneficiary. Judgment was rendered for Mrs. Isbell for $1,200. The Insurance Company has appealed.

Mrs. Isbell alleged that by the terms of the policy the life of Mary Lou Beauchamp was insured in the amount of $1,-000; that upon her death the policy became a liquidated demand in favor of the plaintiff in the sum of $1,000; that plaintiff made demand for the payment of $1,-000; that defendant offered to pay $333.-35; that, therefore, plaintiff was entitled to a judgment in the sum of $1,000, plus a penalty of 20 per cent. Appellant answered that the terms of the policy fixed appellant's liability at $333.35, which amount it had tendered to appellee and that she refused to accept it. Said amount was tendered into court and appellant prayed that judgment be rendered for $333.35. Appellant further alleged that it was a foreign life insurance association, duly licensed to do business in Texas under Chapter 5, Title 78, R.S., Vernon's Ann. Civ.St. art. 4781 et seq., and that it was not liable for statutory attorney's fees or subject to other provisions of Chapter 3, Title 78, R.S., Vernon's Ann.Civ.St. art. 4716 et seq.

The policy does not provide on its face that upon the death of the assured it will pay to the beneficiary the sum of $1,000. It contains no provision for a mode of settlement at maturity of less value than the amounts insured on the face of the policy. It, therefore, is not violative of Sec. 3, Art. 4733. On its face the policy provides that appellant will pay "a sum of money as hereinafter stipulated, not to exceed $1,000.00 * * *." This was not a promise to pay $1,000. It was only a promise to pay an amount thereafter stipulated, not to exceed $1,000, which, as applied to the deceased at the age of 76, at which age she died, was $333.35. It is undisputed that said sum has been continuously tendered by appellant since the claim was presented. Since appellant has always offered to pay all it owed appellee, to wit $333.35, and appellee has refused to accept it, there is no basis

for a judgment for a penalty. The judgment is reformed so as to allow a recovery by appellee of only $333.35. All costs are taxed against appellee. As so reformed, the judgment is affirmed.